First case on our call today, agenda number one, number 130364, is the people of the state of Illinois v. Carlos Clark. Counsel for the appellant, are you prepared to proceed? Good morning, your honors. Counsel may please report. I am Assistant Attorney General Mitchell Ness on behalf of the people. The legislature changed the landscape of pre-trial release in 2023 by implementing a comprehensive statutory scheme in which defendants are presumed eligible for pre-trial release and which requires the state to prove otherwise after a hearing at which defendant can exercise a number of rights. The starting point of the new scheme is the state's filing of a detention petition, which must be done either at the defendant's first appearance before the court or, if not filed at the first appearance, within 21 days of the defendant's release following arrest. The appellate court's holding here, construing the term first appearance to mean any pre-arrest ex parte proceeding attended by the state, violates nearly every single principle of statutory interpretation because it not only ignores the plain meaning of the term first appearance but would upend the carefully fashioned procedures within the act and lead to absurd results. Accordingly, it must be reversed. Instead, the correct reading of the term first appearance, as used in subsection 6.1c1, is that the state must file its detention petition at the hearing at which the defendant first appears. Counsel, later in the statute, there's a reference to defendant's first appearance. I mean, we all know that, generally speaking, first appearance is when the defendant is there, arraigned on the information that's been filed, asked about what you want to do about counsel. But the legislature, for some reason, chose to use different language in different portions of the statute. How should we deal with that? It is true that they did not use identical language in that the second subsection, c2, says defendant's first appearance in reference to the scheduling of a hearing. But that does not mean the defendant's first appearance in c2 and first appearance in c1 are not synonymous. They're not identical because the legislature, for whatever reason, chose to use the phrase defendant's first appearance. It's potentially a slightly more specific phrase. But it doesn't undercut the plain meaning of the term first appearance and the historical understanding that first appearance carried with it and which was implemented into the statute by the legislature. So you really have no explanation for me as to what it means when they say defendant's first appearance and what it means when they say first appearance in the statute? I think, undeniably, they're not identical. I think it is potentially a factor for this court to consider when doing its statutory interpretation. But that it is not by itself, or should not by itself, single-handedly upend what the historical understanding of first appearance means. They are different, but they are, for all intents and purposes, synonymous. And so while the legislature used not identical phrases, I do believe they used synonymous phrases in the two sections. At the same time, does it make sense to accept when someone is seeking a warrant from the court that as a first appearance? I mean, traditionally, you have maybe an assistant state's attorney and a police officer, potentially, an informant, if that's something that's involved in the case. But does it make sense, when you think about how things actually work in the real world, to refer to that as a first appearance? No, I don't believe it makes any sense. And not only, again, going back to the plain meaning of the term first appearance and how the dictionary has historically defined it, but also it makes no sense within the context of the statute to define first appearance as an ex parte proceeding attended by the state. Because to do so would lead to ex parte detention hearings occurring, which is very clearly antithetical to the legislature's purpose in enacting this comprehensive scheme, which includes a number of rights which defendants are entitled to, including being present at the hearing and having counsel at the hearing, having the ability to cross-examine witnesses, et cetera, et cetera. All of those would go to the wayside should first appearance be construed, as the defendant suggests, which would require the state to file a detention petition at this very early stage. And then potentially teleporting knowledge would lead to ex parte detention hearings. And so not only would it lead to ex parte detention hearings, but it also doesn't make sense because requiring the state to file a detention petition at such an early stage, as you suggest, would sort of upend that early stage that is the warrant hearing process. At that early stage, the state knows very little relevant evidence in terms of what would be heard at a detention hearing, and therefore can put very little relevant evidence in its detention petition filed weeks, if not months, before a defendant first appears. As I point out in the brief, you wouldn't know how he or she acted during the arrest. Any additional charges that are going to be pursued or that were discovered after the arrest warrant was filed, certainly wouldn't have the pretrial risk assessment that is, I would assume, instrumental to, of course, detention determination. And so all of that would not be available to the state at the time defendant would require it to file the detention petition. And so it kind of makes no sense to require the state to file a detention petition without all of that necessary information. Counsel, I'm looking at the definition for appearance in Black's Law Dictionary, and it says that an appearance is a coming into court as a party. Isn't that consistent with the holding of the appellate court in this case? I think that's a – sorry, sorry. I think it is the – half the definition that Black's Law Dictionary provides says it is the coming into court as a party, and it says especially a defendant's act in taking part in a lawsuit. And so Black's makes reference to a defendant's appearance. Webster's defines appearance as an act or proceeding by which a party proceeded against, places himself before the court, and submits to its jurisdiction. So both of those definitions necessarily sort of implicate a defendant's appearance in the term appearance. But you're reading the word defendant in when you say a defendant has to appear. As I read the statute, it says that the first appearance before attack. Right, but I think first appearance in this – in the criminal context has become sort of a term of art over the years, referencing a specific hearing that takes place, that hearing being the defendant's first appearance. And I think that's evidenced by this court's historical use of the term first appearance. It has used them interchangeably. It has said, you know, first appearance is the hearing in which the defendant first appears. The Seventh Circuit has done the same. And the American Bar Association, in its pretrial practices report on which this court's commission – pretrial commission based its findings, throughout the entire document used defendant's first appearance and first appearance interchangeably, evidencing that, you know, lawyers tend to understand first appearance and defendant's first appearance to be synonymous. And it's with that historical understanding that this court should read first appearance as used by the legislature in this act. But as Justice White pointed out, and you agreed, C1 says nothing about defendant. C2 says defendant. Right, and I think that's a factor in this court's statutory interpretation. And it is – I can't – I don't know why the legislature did not include defendant's first appearance in the first section, nor why they just threw defendant's first appearance into the second subsection. It's what they chose to do, but those phrases – that does not mean that those phrases are not synonymous. And I think the fact that the legislature used them interchangeably is probably evidence that they believe them to be synonymous. And that is just a matter of drafting. Counsel, couldn't they have used them synonymously if that's what they intended? I mean, your interpretation is reading something into the statute that I don't see. I think they certainly could have put defendant's first appearance in the subsection C1, or they could have removed the word defendants from subsection C2. They very clearly did not choose to do that. I don't, though, believe that it is indicative of their intent. Why not? Because this Court needs to look at the plain meaning of the word first appearance, which, as I've said, has historically been understood to refer – to be referencing the defendant's first appearance. But that was before the enactment of the statute, which changes the whole landscape, wouldn't you say? Right, but I think that further indicative of the legislature's intent for the two to be synonymous is that defining first appearance as the defendant suggests would upend the rest of the statute, the rest of the Act, in that if you define first appearance as the defendant suggests, you're going to have ex parte detention petitions that are going to lead to ex parte detention hearings. And if that were the case, certainly the legislature did not intend for ex parte detention hearings. And if defining the term first appearance as defendant suggests would lead to ex parte detention hearings, then it's evidence that the legislature did not intend for that phrase first appearance to mean anything other than what the courts and what the legislature and what the ABA have historically understood it to mean. So you're basically suggesting that the interpretation that the state is advocating for leads to absurd results? No, the opposite. The interpretation that the defendant is advocating for leads to absurd results. I'm sorry, yes. Yes, that's exactly right. I think that's plain as day. The appellate court itself acknowledged that its reading would lead to ex parte detention hearings, and it's very clear that the Act does not allow ex parte detention hearings. The entire purpose of the Act is to allow individuals to be in front of a judge and be assessed as far as whether or not they should be detained. That's right. Yeah, that's right. I think it's similar to a situation in which, let's say, the legislature enacted a statute aimed at crimes against children, and within the same section they interchangeably referred to child and minor. Those two terms are different, but within the Act and considering the purposes of the Act, the legislature in this court would understand that those two terms mean the same thing within that section. It's implicit. Yeah, yeah. And I think that's evidenced by, again, this Court's and the ABA's interchangeable use of the two terms, that they're synonymous in this context. And it's also demonstrated by the appellate court's interpretation of the PFA since the Act was enacted, because the appellate court, while it's not been asked this specific question until this case, it has just sort of used first appearance and defendant's first appearance in this context interchangeably. And it's just sort of further evidence that judges and lawyers have always understood first appearance to mean a specific hearing, and that being the hearing in which the defendant first appears. I think the statute, if you read it together, it suggests that the first appearance is that first appearance hearing, because if you consider the timing of everything from the detention petition being filed to the hearing taking place, in general, an arrest is made after that point. A warrant may be sought. An arrest is made. The evidence relevant to the detention hearing is gathered, that being the pretrial assessment report, criminal convictions, background history, things like that. All of that information can then be presented in one unified document to the court, that being the initial petition filed at the defendant's first appearance. Discovery is then tendered. Continuances are sought if necessary by the defendant or potentially by the state to allow the defendant to gather more fulsome defense. And then a hearing is held, and those subsections are all just read together to suggest, you know, arrest is made, petition filed, and here we go. And to require this petition to be filed, again, weeks if not months in advance, it's either going to lead to acquired detention hearings or it's going to lead to, as the defendant suggests, it's going to lead to amended petitions for detention potentially filed only after the state and the trial court grant the continuance if one is sought, though one is not required. And if one is sought by the state and the trial court grants it, then all that's going to happen is we're going to wait until the defendant first appears. The state is going to have gathered all this information that it needed to gather, and it's going to present all of that new information as the defendant suggests in an amended petition before the court, in which case the first petition served absolutely no purpose because that first petition would never have been read by the defendant, would never have been tendered to counsel because before the arrest is made, there is no counsel and there is no defendant. And so all that's going to happen is whether you adopt defendant's reading or the state's reading, all that's going to happen is these hearings are going to occur after the defendant first appears, and are going to occur likely after the state has filed an amended petition. Unless there are further questions, I would ask that this court reverse the opinion of the adult court. Good morning. Good morning, counsel. Good morning, justices. May it please the court, Assistant Public Defender Rebecca Cohen on behalf of Defendant Appellee Carlos Clark. As has already been discussed, this is a unique case before this court, and it began before the effective date of the Pretrial Fairness Act. As the appellate court in the prior decision said, timing is everything in life and law. In this case, the state appeared in Room 102 in the Skokie Courthouse at 10.30 a.m. on August 23, 2023. They filed a felony complaint against my client, Mr. Clark. They presented facts to a judge, and they obtained a warrant in the amount of $100,000. Mr. Clark was not there, but the judge in this case on August 23, 2023, made an assessment of how it could protect the community, how she could protect the community by making a $100,000 bond. And at the time, this was before the Pretrial Fairness Act, that was how judges ensured that a defendant, that the community was safe and that a defendant would appear in court. So are you saying that prior to the current law, that the purpose of bond was to ensure that the community was protected? Yes, that is definitely an element of bond. What about ensuring the appearance of the defendant? Because many times when bond was set, I mean all the time when bond was set, a person had not been convicted of anything, right? Yes, correct. This is pretrial. Mr. Clark is assumed innocent, but the courts need to work, and there needs to be a mechanism for an individual to come into court. And one way to do that was a monetary bond before the Pretrial Fairness Act. And so when a person went before a judge to seek a warrant, they did not have in their possession any type of pretrial assessment of the person's risk, you know, the different methods by which counties would assess a person's risk level, dangerousness. Basically, you go in, you have the application for the warrant. That's pretty much all you have, right? This case is a great example. There is a lot of information in this case. There is the felony minutes. What are felony minutes? It's the information that was presented to the judge. So when you say the information, you don't mean a charging document. You mean just information that's in the application for the warrant. Right. There's also a charging document. Every warrant, every arrest warrant comes with a felony complaint. That's by statute. So there's already involved... So you're saying charges have already been filed against the person? Yes. That's not my experience at the circuit court level. Under statute, Section... 107? Yeah, 107. In order to get an arrest warrant, you have to file a felony complaint by statute. So in this case, they filed a felony complaint. They went into court. They presented facts to a judge. Those facts included an IR number, making the criminal history of a defendant available to the prosecutor and the officer when they're presenting facts to the judge. Actually, everything that was presented on September 18th and that detention petition had already been presented on August 23rd before Judge Genske. Even the pretrial services report that gives that nice number, all of that information, has he had prior felony convictions? Does he have pending convictions? How old he is? I would say the only information that's not presented and that's not available is mitigating information. Could we talk about the statute for a minute? Yes. Yes, 725 ILCS 107 is entitled arrest. And Section 9 of 107 talks about what happened here, issuance of an arrest warrant upon complaint. Right. So looking at that, it says when a complaint is presented to the court, charging an offense has been committed, it shall examine upon oath or affirmation of the complaint and any witnesses. Okay, so there's something that's presented to the court. Now, we know later on in the statute, I forget exactly what the number is, they talk about commencement of prosecution. That's much later in the statute. I think it's going to be 111 maybe. But in any case, 107 is just about arrest and it's about the process of how arrest warrant is issued, right? Right. And that's what happened in this case. Yes. So looking at 725 ILCS 5-107-9, issuance of warrant, it sets out everything that's supposed to happen at this hearing when the petition for warrant is presented to the court. From my reading of the statute, I don't see anywhere in the statute that it indicates that at that time the state may file a petition for detention. Is that correct? That's not in the statute that controls, in fact, what occurred here. What it says, the Pretrial Fairness Act, it had specified the amount of bail, so it has that information. And then after the Pretrial Fairness Act, it talks about pretrial conditions, specified pretrial conditions. Does it say anything about a petition to detain by the state? It does not say anything about a petition to detain from the state. So then we look on to the same Statute 5-109 that talks about what happens after a person is arrested with or without warrant. So obviously what happened here is, you know, connected to that. And from my reading of the statute, that's the first place, I think it's in B-4, where the statute even mentions the idea of the state filing a petition for detention. Is that correct? Is that the very first time under the statute where the statute specifically allows the state to file a petition for detention? I'm not aware of the contents of 109, but I do think that there's justification under the Pretrial Fairness Act for the state to file a petition at the first appearance before a judge. That's 110-6.1C1 that we've discussed. And that says first appearance before a judge. It does not say defendants first appearance before a judge, which is in C-2. First appearance before a judge. 725 ILCS, what is it? 110-5-5-110.6.1C1. Thank you. Which is the PFA section that's at issue here states that a defendant, sorry, the state must file a petition at the first appearance before a judge. My point is that's the first time in the entire breadth of the statute that those words appear, correct? Filing a petition to detain. Yes. Sorry, Your Honor. In this case, well, the state makes a big deal about this being a difficult thing for the state to do, to file a detention petition when they go in for an arrest warrant. But they are filing a felony complete at that time. Is it filed with the clerk's office? Sorry, what? Is it filed with the clerk's office? It can be filed with the clerk's office, yes. But maybe not? You say it can be filed, but maybe it's not filed? Yes, it's filed with the clerk's office. As the commencement of the prosecution. Yes. Isn't that another section of the statute, commencement of the prosecution? This is, yes. I'm not sure, Your Honor. Well, that takes me back to my question. So I'm unclear. Are you suggesting that in order to go before a judge and seek an arrest warrant, an information has to be filed first? A felony complaint has to be filed pursuant to statute to get an arrest warrant by statute. What section? 107-9, 725 ILCS 5-107-9. And is that the commencement of prosecution? No, that's obtaining an arrest warrant. Okay. In this case, it was the beginning of the prosecution. They filed a felony complaint. If you go into the circuit court of Cook County's computer, that is the beginning of this prosecution. They started this prosecution with this felony complaint and this arrest warrant. So it's a complaint for preliminary hearing or indictment, correct? Yes. It's not the actual returning of a finding of probable cause by either the court or the grand jury, correct? Correct, yes. It is a complaint that brings the person before the court to have that kind of hearing that is necessary to hold them to begin a commencement of a prosecution for a felony. Right. And that's often what is filed at an arrest, at an appearance where a defendant is physically first there after being arrested, not pursuant to a warrant. The first thing that is filed is a similar document, a felony complaint. Now, the state makes this big argument about how they can't possibly amend or it's too burdensome on the state to amend a detention petition that's been previously filed. But they often amend felony complaints. And, in fact, they did in this case. They filed a felony complaint on August 23rd. And when Mr. Clark first appeared on September 18th, they also filed a felony complaint. I also want to say one important key element of this case is that Mr. Clark came in on September 18th, and he objected to proceeding under the Pretrial Fairness Act. He did not want to proceed. He wanted to be able to keep his $100,000 bond. And there are a number of cases out of the appellate courts that say that if individuals had a prior monetary bond before the effective date of the appellate court, they are entitled to keep that bond. Some of those cases include people v. Rios, 2023, ILAP 5th, 230724. People v. Whitmore, 2023, ILAP 1st, 231807. People v. Gray, 2023, ILAP 3rd, 230435. Mr. Clark wanted to keep that bond because he had the possibility of being released under that $100,000 bond. Instead, the state filed a detention petition, and he has been in detention for eight months. He has no possibility. Well, it gets reviewed. It can be reviewed at every court date, but he has not been released in the eight months. So there is a tangible right here, and the state's reading of the statute is an injustice to him. He objected and did not want to proceed, and the state proceeded anyways. Was there a hearing? Did he participate in the hearing? He did participate in the hearing. It provided mitigating evidence. That is the only difference between what happened on September 18th and what happened on August 23rd. Because he wasn't there to present mitigating evidence, right? That's correct. Because it was an ex-party hearing in front of the judge for the basis of issuing a warrant. Exactly. So he didn't have an opportunity to be heard. That's right. And still, he appeared before the court on the initial appearance. Sorry. I apologize, Your Honor. Go ahead. Usually when there's a change in the law, especially sentencing laws, a defendant has a choice about whether they proceed under the old law or the new law. This should be no different. He should have been able to keep his $100,000 monetary bond that he wanted to keep and objected to proceeding under the pretrial fairness act. The appellate court was correct in this case. The language of 110-C1 has first appearance before a judge. That is different from C2, defendant's first appearance. It is conceivable to file a detention petition at this first appearance where the defendant is not there, ask for continuance, and continue it until a defendant appears, and then have a detention hearing. That is not an unusual scenario, and I think that's what's contemplated by this statute. Counsel, does it matter that he later had a hearing in which he was able to present mitigating evidence and that was heard and the judge made a decision based on that presentation? I think in this case, because he objected, it's problematic that he had that hearing. Because he objects, the court cannot hold a hearing? Is that what you're saying? I'm saying if he has a prior monetary bond and he doesn't want to proceed under the pretrial fairness act, yes. The court cannot force him to go under the pretrial fairness act. And in this case, because it wasn't the first appearance before a judge, the state could not file that detention petition. A detention petition is required in order to have a detention hearing. Well, that's the dispute here. You're saying it wasn't the first appearance, but they're not saying that. But I think my question is more narrow. Are you saying that the court, by having a hearing, first of all, the court should not have had that hearing. Is that what you're saying? That's correct, yes. Okay. And having had the hearing, the findings of the hearing has no basis, has no bearing on what the court later decided. I mean, I think the detention hearing, I mean, there were other things that were appealed in the detention hearing that were not previously addressed by the appellate court. But I mean, I think it was a valid detention hearing. It just should never have happened in this case because he objected and had a prior monetary bond. And there are a number of cases that say defendants have a choice about proceeding under the pretrial fairness act. If they ask to proceed under the pretrial fairness act and have their detention status reviewed, then that's a different scenario than someone who wants to keep their monetary bond. Do you think that this occurred because of the timing? As your opponent said, timing is everything. And because this hearing occurred on the same day or this detention occurred on the same day that the pretrial fairness act came into being and it all happened at the same time, do you think that had anything to do with the outcome in this case? I mean, I think that this, yes, this case is really about the fact that it was started before the pretrial fairness act and then he just happened to come in and was physically present for the first time on the first day of the pretrial fairness act. If he was arrested on September 16th before the pretrial fairness act, he could have had a bond hearing on September 17th. And then he would have had a monetary bond. And he just came in, he happened to come in on September 18th. For all the issues, for all the reasons discussed, we ask that you affirm the appellate court's decision and reinstate Carlos Clark's monetary bond. Thank you. Thank you very much, counsel. Any reply for the appellant? There's a few issues to unpack. First and foremost, I want to start with the bond issue just discussed in terms of the prior monetary bond that was set at the arrest warrant hearing. Both the defendant and I agreed in the briefs that that issue was not before this court. It was presented to the appellate court. The appellate court opted not to decide it in lieu of deciding the timing question. And so it's effectively waived before this court. This court shouldn't really consider that argument. The case is just cited and the argument just made is nowhere in the briefing before this court. And it would be, in fact, premature for this court to decide those issues. In fact, the specific issue, whether preauthorized bond counts as a condition of release, is before this court in multiple appeal cases. This court has the opportunity to answer that very question. So to simply just refuse to consider that issue in this case. Stepping back, I guess, to Justice Tice's questions about the warrant process itself and what's presented at those hearings. I do have a copy of both of those statutes. 107-9, I think, is particularly interesting. It's what's required to go into an arrest warrant based on a complaint. First and foremost, an officer presents a complaint with written testimony of witness and generally alludes to charges that may eventually be filed. The complaint itself is not a charging document. In fact, a felony cannot be commenced unless it is charged by information or indictment. And this court has repeatedly said that the Sixth Amendment right to counsel does not attach at that arrest warrant proceeding because it is not the commencement of prosecution. So there's a difference between a complaint being filed and, of course, although not what happened in this case, many complaints are filed by an arresting officer or by an eventual arresting officer, and not by an assistant state's attorney, which aren't required to be at these hearings. And so it's just simply not the start of prosecution. I think particularly interesting, 107-9, in terms of what needs to go into an arrest complaint and what needs to go into the eventual warrant written by the judge, doesn't even require the name of the individual. It doesn't have to be known at that point. At that point, all that needs to be known into the complaint, the officer must state the name of the accused. If known and if not known, the accused may be designated by any name or description by which he can be identified. The purpose of the arrest warrant is to allow an officer to get preauthorized probable cause to arrest an individual. It is not to make an intent and determination. And the same thing as the trial court is allowed to write an arrest warrant that does not include the name of the individual. The arrest warrant itself specifies the name, sex, and birth date. If his name, sex, or birth date is unknown, she'll designate such a person by any name or description. So although in this case the assistant state's attorney appeared because Cook County has a very thorough felony review arrest warrant process, most counties don't. And in fact, most counties, as this court has acknowledged in the past, have complaints that are filed simply by officers of the law and not by state's attorneys. And so while in this case they may have had more information than the typical case in terms of this specific defendant, his criminal history, things like that, this court isn't deciding this large issue based on the facts of this case. This court has to decide whether first appearance means the next part of their proceeding attended by the state for every defendant and not just this defendant. So I would say, I believe the defendant began by saying that because there was more detailed information at the arrest warrant process in this case, that that suffices as a first appearance and therefore suffices as the detention hearing itself. I believe the defendant acknowledged that, look, the judge had all this information, issued a bond warrant, things like that. And then concedes that that was the detention hearing. But as I pointed out, the legislature very clearly requires the defendant to be at the detention hearing. And so even if the state has necessary information or has more information in some cases about a defendant's dangerousness and risk of flight at the warrant process, that still cannot suffice to be the detention hearing because the defendants are allowed to be at the detention hearings and present all of this evidence, to present their own witnesses, to present the cross-examination, et cetera, et cetera. Counsel, what was the charge filed against the defendant at the time that the state sought the warrant, the arrest warrant? I left my brief behind. I believe it was just the charge was alleged, the initial charge was alleged vehicular hijacking. And then there was, in this case, amended charges, including when the defendant was brought into court in his first appearance. So they learned of more charges between the time they filed the arrest warrant and the time that the defendant was arrested. And that's indicative of the purpose of the warrant process. The warrant process is not supposed to be a long, drawn-out, cumbersome charging document. It should move more. Now, you certainly have more experience at the circuit court level than I do. But my interpretation of the warrant process is it's supposed to be sort of a quick-moving process by which an officer can understand or he has evidence of a crime that has been committed, and he can go to a judge, and he can get the judge's pre-approved authorization to arrest that individual. So are we talking about an information that was filed with the circuit clerk or literally just a document just presented to the judge? It was a complaint filed along with a request for an arrest warrant. Filed with the clerk or just presented to the judge? I mean, they were initially presented to the judge. I'm not saying about how they were required to be. I know eventually in this case there was an indictment, a superseding indictment, that was filed after he was arrested. And there's a difference between, I think, the complaint attached to an arrest warrant and a charging complaint. Of course. Yes. And so whether it's filed with the clerk, if it's on file, it was – I'm trying to remember if it was part of the record or not. But whether it was filed with the clerk of court or not, I think, is relevant for purposes of the – whether that document constitutes a charging document for purposes of commencing prosecution, which the complaints that go along with arrest warrants have never been considered to be charging documents. So just, again, step back very briefly. If the defendant and the appellate court – the defendant and the appellate court both seem to be okay with ex parte detention hearings in these cases, and specifically in the defendant's case because the state's attorney appeared at the defendant's case. That's not what the legislature intended when it enacted this comprehensive scheme. It very clearly intends for the defendants to be at these hearings. And to read otherwise is simply to upend the purposes of the statute in any case in which there's an arrest warrant sought. And these ex parte detention hearings are not allowed under the statute, and any reading that would lead to ex parte detention hearings, therefore, is not – it's contradictory evidence as to what the legislature intended. If we agree with you, what's the next step? What happens with this case? So if you would reverse the appellate court's decision regarding the timing of the petition itself, and then because there is an unaddressed – because the appellate court did not address that second question, I believe it would remand to the appellate court for consideration of that second question. If there are no further questions, I would ask that this court reverse the decision of the appellate court. Thank you very much. This case, agenda number one, number 130364, People of the State of Illinois v. Carlos Clark, will be taken under advisement. Thank you both for your arguments.